IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LIZA D. ROSA-RIVERA, et al.,

Plaintiffs,

v.                                         CIVIL NO. 09-1318 (CVR)

DORADO HEALTH, INC., et al.,

Defendants.

## OPINION AND ORDER
## INTRODUCTION

After plaintiffs presented all their evidence and rested their case in the above jury trial, defendants Dr. Joseph Capre-Febus and Dorado Health d/b/a Hospital Alejandro Otero López presented oral motions for judgment as a matter of law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.   In essence, defendants argued plaintiffs did not meet their burden of establishing a medical malpractice case under Articles 1802 and 1803 of the Puerto Rico Civil Code by preponderance of the evidence.   Defendants claimed that in cases of professional medical liability there is a presumption the physician exercised a degree of reasonable care and the administration of the treatment to the patient was adequate.   Defendants argued there is no doubt minor Fernando Franqui-Rosa suffers from Erb's palsy but the issue is the cause of the injury.   Fernando's injury was not caused by any negligent act of Dr. Capre-Febus or the hospital.   As such, the causal nexus between the alleged negligent act and the damage is lacking.   In addition, defendants averred the claims of the adult plaintiffs (Liza Rosa-Rivera and Edgardo Franqui) were time barred and had to be dismissed.

This Magistrate Judge made a verbal ruling granting in part and denying in part defendants' motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure as to the claims filed under Article 1802 and 1803 of the Puerto

Liza D. Rosa-Rivera, et al v. Dorado Health, Inc., et al
Civil No. 09-1318 (CVR)
Opinion and Order
Page 2

Rico Civil Code.  However, due to time constraints, the undersigned indicated she reserved the right to expand in writing the ruling on the Rule 50 as we do herein.

**BACKGROUND**

Defendant Dorado Health filed a motion for summary judgment in which it argued that the adult plaintiffs' claims were time barred because of the delay in filing their claim from the time the parents should have known about the infant's injury.  (Docket No. 88). Dr. Capre-Febus joined co-defendant Dorado Health's motion insofar as plaintiffs' claim being time-barred. (Docket No. 91).[1]

Co-defendant Dorado Health submitted in the motion for summary judgment as uncontested that plaintiff Liza Rosa-Rivera gave birth to her son at the Dorado Health facilities on August 14, 2000, which delivery was attended by her physician Dr. Capre-Febus.  The following day the infant was found with the bone of the arm separated from the shoulder, received physical therapy on his right arm[2] and remained at the hospital for approximately seven days due to high bilirubin and to receive physical therapy to the right arm damage.  The infant was discharged and referred for outpatient physical therapy.  On August 2000, Liza Rosa-Rivera visited Dr. Capre-Febus and Dr. González-Camacho for post partum treatment.  The infant continued to receive physical therapy and on April 13, 2006, was evaluated by a registered physical therapist.  On June 22, 2006, the infant visited with his parents a pediatric neurologist and was diagnosed with Erb's Palsy, an injury on his right arm.  (Docket Nos. 88, 89 and 90).

In turn, plaintiffs considered as uncontested above defendant's submission of events, with the clarification that Dr. Capre-Febus prevaricated as to the infant's condition

---

[1] The running of the statute of limitations is an affirmative defense which was raised by both defendants in their answers to the Amended Complaint.  (Docket Nos. 36, ¶8 and 38, ¶2).

[2] See Amended Complaint, Docket No. 31, ¶¶ 13 and 14.

informing plaintiff Rosa-Rivera the arm condition was temporary and he was going to be in excellent health.  Dr. Capre-Febus also informed plaintiffs the infant did not need additional treatment or surgical intervention.[3] Plaintiffs submitted that it was not until April 13, 2006, upon physical therapy, and a visit to a pediatric neurologist on June 26, 2006, their infant child was diagnosed with Erb's Palsy, an injury on the infant's right arm nerve and neurological damage possibly suffered upon vaginal delivery wherein vacuum extraction or forceps were used, which could have resulted in the injury to the infant's shoulder.  (Docket Nos. 111 and 112).

On June 29, 2012, the motion for summary judgment was denied inasmuch as there were material issues of fact in controversy due to Dr. Capre-Febus' alleged representations to the infant's parents that were dissuasive as the nature of the injury being the possible result of medical malpractice. (Docket No. 120).  In fact, Dr. Capre-Febus did not deny plaintiffs' uncontested facts as to having received information even after post partum treatment the injury suffered by the infant where his arm was separated from the shoulder was temporary and he was going to be in excellent health, needing no additional treatment or surgical intervention.

In our Opinion and Order denying the motion for summary judgment we recognized that the doctrine of fraudulent concealment tolls a statute of limitations where the defendant raising the limitation defense has engaged in fraud or deliberate concealment of material facts related to the wrongdoing and plaintiffs failed to discover these facts within the normal limitation period despite exercise of due diligence. Demars v. General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985).   Although the fraudulent concealment does not modify the need to exercise due diligence, plaintiffs were placed in a position where the

---

[3] See Amended Complaint, Docket No. 31, ¶ 16.

necessary information as to injury suffered by the infant was not disclosed to plaintiffs, but to the contrary, were misinformed by defendants who were in control of the information necessary as to the correlation between the infant's delivery and the injuries. *See* González v. United States, 284 F.3d 281 (1st Cir. 2002). (Docket No. 120).

Thus, we determined the request for summary adjudication of both Dorado Health and Dr. Capre-Febus for plaintiffs' cause of action being time barred rested on issues of material fact in controversy as to whether plaintiffs were put on notice as to the injury caused and/or the malpractice. Clearly, the state's statute of limitation applicable to tort and to medical malpractice actions provides that fraud, concealment or misrepresentation of facts the discovery of the damages was prevented, may extend the prescription term.

On September 1, 2012, that is two months after the Opinion and Order denying the motion for summary judgment was issued finding the claims of the adult plaintiffs were not time barred, the parties jointly filed the "Proposed Pretrial Order." (Docket No. 121).[4]  In said "Proposed Pretrial Order" defendants re-asserted at pages 30-39 that the claims of co-plaintiffs Liza Rosa-Rivera and Edgardo Franqui should be dismissed as to all defendants since they are time barred. Thus, the "Proposed Pretrial Order" incorporated the prior request for dismissal raised by defendants in the motion for summary judgment giving notice to plaintiffs the issue was still alive and would be raised again at the approaching jury trial.

## ANALYSIS

In ruling on a Rule 50 motion, the Court does not consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence. The motion

---

[4] On September 9, 2012, the "Proposed Pretrial Order" was approved by the undersigned at the Pre-Trial/Settlement Conference. (Docket No. 123). Orders entered following Rule 16 conferences are not lightly disturbed. Once entered, a Rule 16 order "controls the subsequent course of action." Brook Village North Assoc. v. Gen. Elec. Co., 686 F.2d 66, 71 (1st Cir. 1982).

is properly granted when the evidence and inferences reasonably drawn therefrom, viewed most favorably to the non-movant, permit only one reasonable conclusion. Colasanto v. Life Ins. Co. of North America, 100 F.3d 203, 208 (1st Cir. 1996).

## A.    TIME BARRED.

As part of defendants' Rule 50 request for a judgment as a matter of law, they argued the adult plaintiffs' claims were time barred and no evidence to the effect of tolling or fraudulent concealment was presented by plaintiffs in their case in chief after over three weeks of jury trial.  Plaintiffs' counsel opposed the Rule 50 mainly as to the lack of causation but very briefly as to the claims being time barred.  Counsel for plaintiffs, in opposing the Rule 50 motion as to the claims of the parents being time barred, simply mentioned there was an alleged pact of silence in this case among defendants, that plaintiffs are lay persons who were told the infant's injury was going to heal and they mitigated damages.  Thus, plaintiffs' counsel incorporated by reference their position in opposing the motion for summary judgment without making reference to any evidence presented during the jury trial to support there was an alleged fraudulent concealment by defendants or that plaintiffs were misinformed, thus, supporting a tolling of the statute of limitations. Plaintiffs' assertions were limited to arguments of counsel without any evidentiary foundation.  No evidence was presented at the jury trial by plaintiffs as to any pact of silence, conspiracy or that they were misinformed because they were told the infant would heal, as we explain herein below.

After considering the evidence presented by plaintiffs in their case in chief, the Rule 50 (a) motions were granted as to all claims filed by the adult plaintiffs Liza Rosa-Rivera and Edgardo Franqui, for their claims are time barred for the injury sustained by the infant and the filing of the complaint exceeded the one year limitation period for torts actions in this jurisdiction.  This is a matter of law that does not entail any credibility determinations.

Liza D. Rosa-Rivera, et al v. Dorado Health, Inc., et al
Civil No. 09-1318 (CVR)
Opinion and Order
Page 6

The evidence presented at trial by plaintiffs failed totally to show, as alleged by plaintiffs in the opposition to the motion for summary judgment, that Dr. Capre-Febus deliberately and fraudulently concealed or engaged in fraud by concealing some information from plaintiffs and told plaintiffs that the infant's condition was insignificant and temporary, that time would heal it and he would be in excellent condition. There was no evidence presented that Dr. Capre-Febus also told plaintiffs that the infant did not need additional treatment or surgical intervention. No evidence was presented either of the alleged fraud, misrepresentation, "conspiracy" by defendants or a "pact of silence" between them to conceal Fernando's injury from the parents.[5]  Plaintiffs chose not to present any evidence in support thereof even though they were on notice the issue of the statute of limitations was still pursued by defendants as included in the "Proposed Pretrial Order."

 On the contrary, the evidence presented by plaintiffs at the jury trial showed that both parents became aware or should have become aware of Fernando's condition since his birth inasmuch as the injury to his right arm was evident as testified by both of them and as demonstrated by the photographs introduced into evidence.

Edgardo Franqui testified he was present at the delivery of the infant and saw since his birth that his right arm was "tumbaito" or dropped and that he could not turn it. Liza Rosa-Rivera testified the infant's right arm since birth was hanging because it did not have any strength in the right shoulder and the right arm was not completely straight. As a baby, Fernando could not turn, had limited mobility and could not crawl. Liza Rosa-Rivera was asked on direct what did Dr. Capre-Febus tell her to do upon discharge one week after the delivery and she answered "nothing." Liza Rosa-Rivera nor Edgardo Franqui testified as to anything that Dr. Capre-Febus or any employee of the hospital told them at the time of

---

[5] Plaintiffs have never specifically alleged a conspiracy in this case by defendants.

Liza D. Rosa-Rivera, et al v. Dorado Health, Inc., et al
Civil No. 09-1318 (CVR)
Opinion and Order
Page 7

the delivery or any time thereafter that would support their theory of fraudulent concealment. No other evidence to that effect or in support of tolling was presented either.

After the infant was discharged from the hospital one week after being born, Liza Rosa-Rivera testified Fernando was referred by the hospital to a pediatric physiatrist and she took Fernando two days after the discharge to a pediatric physiatrist in San Jorge Hospital. Liza Rosa-Rivera testified she took Fernando to the pediatric physiatrist because an orthopedist at Alejandro Otero López Hospital spoke to her at the hospital about Fernando's right arm. No treatment was provided to Fernando at San Jorge Hospital and another referral to Dr. Carmen Colón (physiatrist) was done one month after. Fernando received twelve physical therapies with Dr. Colón. The evidence showed Fernando received physical therapies and treatment from then on until he was six years old that he was diagnosed with Erb's palsy.

Plaintiffs presented defendant Dr. Capre-Febus as a witness for plaintiffs and could have inquired or expanded the theory of the alleged fraudulent concealment. They failed to do so.

If the adult plaintiffs and/or Dr. Capre-Febus would have testified as to the alleged concealment, a factual issue in controversy would have arisen for the jury to decide and assess credibility. In the absence of that evidence, the issue turned into a matter of law proper of a Rule 50 adjudication.

Moreover, plaintiffs' evidence militates against any fraudulent concealment or misinformation on behalf of defendants. As a matter of fact, Exhibit 18 shows that "upon arrival [at the nursery of the hospital] decrease movement of R[ight] upper extremity noted (orthopedic and physical therapy consulted)." Also, Exhibit 18 makes reference to an "Xray of affected extremity shows a mid humerus line suggestive of fracture." Thus, instead of concealing the infant's condition at the time of birth, the same was written on the medical

record.  Furthermore, when the baby was discharged, he was referred by the hospital to a physiatrist after having received physical therapies at the hospital.

The evidence presented by plaintiffs also showed that reference was made to "(vacuum extract)" during birth, as shown in parenthesis in Exhibit 18.  It is not known who placed the words "(vacuum extract)" on the note which is a referral to a neonatologist. However, plaintiffs' expert witness on obstetrics and gynecology (Dr. Carmen Ortiz-Roque) explained said reference meant that a vacuum extraction was used during the delivery of Fernando.  Plaintiffs evidence at trial also showed that there was a telephone conversation between a neonatologist from the hospital and Dr. Capre-Febus.  Dr. Capre-Febus testified he did not recall the content of said telephone conversation.  As such, Dr. Capre-Febus could have told the neonatologist that he used vacuum extract during the infant's birth.  If credited, that admission by Dr. Capre-Febus, memorialized in the medical record, militates against any concealment on his behalf as to the injury suffered by the infant at birth.

The original complaint was filed on June 21, 2007, that is, 6 years and 10 months after the infant's birth. However, the evidence presented at trial shows that 7 days after birth the infant started receiving out patient physical therapy which continued thereafter for many years.  As such, Liza Rosa-Rivera and Edgardo Franqui had notice of the injury or should have known of the same since August of 2000 when Fernando was born.  In the absence of tolling for lack of evidence of the fraudulent concealment at the jury trial, the claims filed by the parents were determined by the undersigned to be time barred.[6]

In sum, after presenting nine witnesses over a period of over three weeks, plaintiffs did not present a scintilla of evidence as to any fraudulent concealment, misrepresentation

---

[6] An action under Article 1802 accrues, starting the one-year clock running, when "the aggrieved party knows (or should have known) of both his injury and the identity of the party who caused it." González Figueroa v. J.C. Penney P.R., Inc., 568 F.3d 313, 318 (1st Cir. 2009); Negrón-Marty v. Wal-Mart, 862 F.Supp 2d 48, 73 (D.P.R. 2012).

and/or fraud by Dr. Capre-Febus or Dorado Health which could have allowed a question of fact for the jury and raised a credibility determination for the jury to access, thus disallowing a Rule 50 request. To the contrary, plaintiffs failed in putting this court in a position to submit to the jury the matters of fraudulent concealment, statute of limitations, and/or tolling. Thus, as a matter of law, the Rule 50 request as to the adult plaintiffs' claims was justified pursuant to the lack of evidence presented at the jury trial.

Any claim by plaintiffs to support their inaction in presenting any evidence at the jury trial in support of the fraudulent concealment because they relied on the court's prior ruling that the claims were not time barred or that there was an element of "surprise" is unavailing. It should be noted that, even though a prior ruling was made in the motion for summary judgment that the claims of the adult plaintiffs were not time barred, plaintiffs were on notice that the issue was still alive and could be raised at the jury trial pursuant to the joint "Proposed Pretrial Order" (Docket No. 121) which was approved by the court. (Docket No. 123). In said "Proposed Pretrial Order" defendants raised at pages 30-39 that the claims of co-plaintiffs Liza Rosa-Rivera and Edgardo Franqui should be dismissed as to all defendants since they were time barred. Thus, the "Proposed Pretrial Order" re-asserted the prior arguments of the motion for summary judgment opening the door for a possible reconsideration of the prior court's ruling and should have alerted plaintiffs that they needed to present evidence in their case in chief as to that matter.

As such, the undersigned made a verbal ruling granting the Rule 50 motion as to the damages claims filed by the adult plaintiffs explaining the reasons why the claims were considered time barred after hearing and evaluating the evidence presented at the jury trial at a different stage of the proceedings which reconsidered the prior ruling to that effect which was previously made at the summary judgment stage.

Liza D. Rosa-Rivera, et al v. Dorado Health, Inc., et al
Civil No. 09-1318 (CVR)
Opinion and Order
Page 10

It is important to pinpoint that, at the time the verbal ruling of the Rule 50 was made, plaintiffs' counsel did not make any request for reconsideration of the court's ruling nor requested that plaintiffs be allowed to re-open their case in chief to present evidence for the jury's consideration as to the alleged fraudulent concealment by defendants. Both adult plaintiffs were present and available to testify as to this matter if the court would have allowed the re-opening of plaintiffs' case in chief. However, said request was not made by plaintiffs.

After defendants presented their case in chief, closing arguments were made by all the parties, the jury instructions were discussed for the record outside the presence of the jury and, just prior to giving the final instructions to the jury, plaintiffs' counsel briefly requested reconsideration of the Rule 50 ruling as to the adult plaintiffs without submitting any grounds for the reconsideration. When asked by the undersigned on which grounds the reconsideration was being sought, plaintiffs' counsel did not provide any grounds.

Thus, plaintiffs in this case had prior notice in the "Proposed Pretrial Order" (Docket No. 121, pp. 30-39) wherein defendants renewed their contention of adult plaintiffs' action being time barred.[7] Additionally, plaintiffs failed to argue in opposition to Rule 50 their need to reopen their case to submit to the Court the evidence, if available, that would sustain the summary judgment ruling as to the adult plaintiffs' causes of action not being time-barred. The evidence was available, either through the testimonies of adult plaintiffs and/or through Dr. Capre-Febus' direct examination or any other witness as to the alleged misinformation or fraudulent concealment that could have presented a credibility issue for

---

[7] *See* also Docket No. 123, minutes approving the "Proposed Pretrial Order."

Liza D. Rosa-Rivera, et al v. Dorado Health, Inc., et al
Civil No. 09-1318 (CVR)
Opinion and Order
Page 11

the jury.[8]  No offer of proof was presented either to the presiding judge as to what the witnesses would testify to this effect.  Plaintiffs' request for reconsideration of the Court ruling as to the causes of action being time barred, without further discussion in support, was raised after all evidence was submitted by both parties, the jury instructions had been discussed and were about to be given to the jury.

As such, plaintiffs had prior notice and an opportunity to be heard on the appropriateness of the court's ruling at the jury trial granting the Rule 50 on the claims of the adult plaintiffs as time barred and to present evidence on the reconsidered ruling. However, plaintiffs failed to take any action thus waiving any related claim.  Hence, no prejudice can be claimed by plaintiffs.[9]

**B.      LACK OF CAUSATION.**

The Rule 50 (a) motions as to lack of causation between the actions of the hospital and/or Dr. Capre-Febus and the minor's injury were denied as to all claims filed by minor Fernando Franqui Rosa.  To rule on these areas would require the Court to consider the credibility of witnesses (including the credibility of the expert witnesses), resolve conflicts in testimony and evaluate the weight of the evidence, as well as make any reasonable

---

[8] We note that Liza Rosa-Rivera, Edgardo Franqui (adult plaintiffs) and Dr. Capre-Febus were present at the jury trial at all times with the exception of two days in which Dr. Capre-Febus was not present inasmuch as he was on duty.

[9] See Alberty-Vélez v. Corporación De Puerto Rico Para La Difusión Pública, 242 F.3d 418, 425-26 (1st Cir. 2001) (finding prejudice to defendant when district court reversed, at trial, prior finding of partial summary judgment, thereby broadening scope of trial-"the judge must inform the parties and give them an opportunity to present evidence relating to the newly revived  issue" or grant a continuance of the trial to avoid prejudice).

inferences allowed by the evidence which are considered matters for the jury to assess and are not proper to be ruled upon by the Court in a Rule 50(a) request.

After reviewing all of the documentary and testimonial evidence submitted in support of plaintiffs claims and the facts which have been admitted by the Court, the Court found plaintiffs proved by preponderance of the evidence the claims raised only by Fernando Franqui-Rosa for damages for medical malpractice under Articles 1802 and 1803 of the PR Civil Code.

## CONCLUSION

In view of the foregoing, defendants' motions for judgment as a matter of law pursuant to Rule 50 of the Federal Rules of Civil Procedure as to the claims filed under Article 1802 and 1803 of the Puerto Rico Civil Code is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of November of 2012.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE